UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY EDWARD KING, | No. 2:15-cv-1331 TLN KJN P |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| DAVID B. LONG, Warden, | |
| Respondent. | |

I. Introduction

      Petitioner is a state prisoner, proceeding pro se and in forma pauperis.  Petitioner filed an application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss the habeas petition as barred by the statute of limitations, and because it contains unexhausted claims.  For the reasons set forth below, respondent's motion should be granted.

II. Legal Standards

      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ."  Id.  The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420

(1991). Accordingly, the court will review respondent's motion to dismiss pursuant to its authority under Rule 4.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2). Generally, this means that the statute of limitations is tolled during the time after a state habeas petition has been filed, but before a decision has been rendered. Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012). However, "a California habeas petitioner who unreasonably delays in filing a state habeas petition is not entitled to the benefit of statutory tolling during the gap or interval preceding the filing." Id. at 781 (citing Carey v. Saffold, 536 U.S. 214, 225-27 (2002)). Furthermore, the AEDPA "statute of limitations is not tolled from the time a final decision is

issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), overruled on other grounds by Carey, 536 U.S. at 214.  In Carey, the United States Supreme Court held that the limitation period is statutorily tolled during one complete round of state post-conviction review, as long as such review is sought within the state's time frame for seeking such review.  Id., 536 U.S. at 220, 222-23.  State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

III.  Chronology

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. Petitioner was convicted of first degree burglary.  (Respondent's Lodged Document ("LD") 1.)  A number of sentencing allegations were found true.  (LD 1.)

2. On January 12, 2013, petitioner was sentenced to a determinate state prison term of five years.  (LD 1.)

3. Petitioner filed an appeal.  On April 30, 2014, the California Court of Appeal for the Third Appellate District affirmed the conviction.  (LD 1.)

4. On June 3, 2014, the Clerk of the California Supreme Court informed petitioner that the court does not extend the time for filing a petition for review.  (ECF No. 6 at 66.)  The Clerk noted that the last day to file a timely petition for review was May 30, 2014.  (Id.)  Petitioner attempted to file a petition for review in the California Supreme Court, but on August 13, 2014, it was returned to him as untimely-filed, noting that the court lost jurisdiction to act on any petition for review on June 30, 2014.  (ECF No. 6 at 73.)

5. Petitioner filed no post-conviction collateral challenges in state court.

6. On June 25, 2015, petitioner constructively filed the instant federal petition.  (ECF No. 6.)  See Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

1          7. Respondent filed the motion to dismiss on December 10, 2015. (ECF No. 11.) On
2  March 17, 2016, petitioner filed an opposition. (ECF No. 17.) No reply was filed.

IV.  Statutory Tolling

          On April 30, 2014, the California Court of Appeal for the Third Appellate District affirmed the conviction. Petitioner did not seek timely review in the California Supreme Court, and his late filing was not excused. Thus, the state appeal process became final within the meaning of section 2244(d)(1)(A) when the time for filing a petition for review expired on June 9, 2014, forty days after the California Court of Appeal filed its decision. See Cal. Ct. R. 8.264(b)(1), 8.500(e); Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008). The one-year limitations period commenced running the following day. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Therefore, petitioner had until June 10, 2015, to file his federal habeas petition. However, he did not file the instant petition until June 25, 2015. Absent tolling, the federal petition is barred by the statute of limitations.

          Petitioner filed no post-conviction challenges in state court, so he is not entitled to additional tolling of the limitations period.

          In his opposition to the motion, petitioner argues that his actual filing deadline was June 29, 2014, "by extension on the order of the Chief Justice of the Supreme Court in letter dated 3 June 2014." (ECF No. 20 at 1.) Petitioner's argument is unavailing because the California Supreme Court does not have jurisdiction to extend AEDPA's statute of limitations deadline. In any event, the deputy clerk's June 3, 2014 letter does not address the federal statute of limitations deadline. Rather, the letter informed petitioner that the state court does not extend the time for filing a petition for review, and explained how petitioner could request permission to submit a late filing, and provided him with the deadlines pertinent to seeking review of his criminal appeal by the California Supreme Court. (ECF No. 20 at 11.) Although petitioner claims he applied for relief from the untimely filing of the petition for review, it does not appear that his request was granted. Petitioner appears to argue that his submission to the California Supreme Court was timely, and because the court received his petition for review, the limitations period did not start until June 29, 2014. (ECF No. 20 at 2.) Petitioner is mistaken. The record does not reflect that

4

the California Supreme Court accepted the petition for review for filing, filed the petition for review, or ruled on the petition for review. Thus, the fact that petitioner mailed the petition for review to the California Supreme Court is of no consequence in calculating the limitations period. Based on the documents submitted in support of his opposition, it appears that the petition for review was not filed properly and timely, and did not act to toll the statute of limitations.

Because the limitations period expired on June 10, 2015, and petitioner constructively filed the instant petition fifteen days later, on June 25, 2015, the instant petition is time-barred unless he can demonstrate that he is entitled to equitable tolling.

V. Equitable Tolling

In his opposition, petitioner alleges no facts demonstrating his diligence and that circumstances beyond his control prevented him from timely filing the instant petition. (ECF No. 20, *passim*.) In his June 26, 2015 request for extension of time, petitioner noted that the prison law library would be closed for two weeks, and complained that the law library refused to photocopy many documents without a court order. (ECF No. 4 at 3.) Respondent did not file a reply or address the issue of equitable tolling in the motion to dismiss.

"Equitable tolling may be available '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim.'" McMonagle v. Meyer, 802 F.3d 1093, 1099 (9th Cir. 2015) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)). "A petitioner who seeks equitable tolling of AEDPA's one-year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." Luna v. Kernan, 784 F.3d 640, 646 (9th Cir. 2015) (citing Holland v. Florida, 560 U.S. 631, 649 (2010)).

"The threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted).

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the

>petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert. denied, 130 S. Ct. 244 (2009); see also Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003) (petitioner must show that the external force caused the untimeliness). It is petitioner's burden to demonstrate that he is entitled to equitable tolling. Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005).

Conclusory and unsubstantiated assertions regarding lack of law library access or photocopies are insufficient to satisfy petitioner's burden of showing that extraordinary circumstances beyond his control made it impossible for him to file his federal habeas petition on time. See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (as amended) ("the prisoner must show that the 'extraordinary circumstances' were the cause of his untimeliness" (citation omitted)); see also Bryant v. Ariz. Att'y Gen., 499 F.3d 1056, 1061 (9th Cir. 2007). "Equitable tolling is applicable only 'if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) (as amended) (citation omitted). Petitioner has not shown with any specificity that the photocopied material was required to complete a proper filing.

Moreover, equitable tolling is not warranted based on an assertion that the prisoner lacks legal knowledge and was unable to obtain legal assistance. In general, a pro se prisoner's lack of legal training or ignorance of the law is not an "extraordinary circumstance" that would trigger equitable tolling. See, e.g., Waldron-Ramsey, 556 F.3d at 1013 n.4 ("a pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling"); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.").

Accordingly, the undersigned finds that petitioner has not met his burden of demonstrating the existence of grounds for equitable tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (petitioner bears burden of demonstrating grounds for equitable tolling).

////

VI. <u>Alternative Date of Filing Federal Petition</u>

In his opposition, petitioner also argues that the limitations period was extended by the June 30, 2015 order, and that the docket reflects he complied with filing procedures. (ECF No. 20 at 5.) Respondent did not file a reply. In an abundance of caution, the court reviews whether an alternative date for filing the federal petition may be appropriate based on petitioner's initial filing or the June 30, 2015 order.

Petitioner's initial filing was a letter directed to the Clerk of the Court, stating the following:

> I received the documents you returned to me stamped 6/15/2015. In your letter you requested a case number. I do not have a case number other than the Court of Appeals and Superior Court case number already supplied to you. I am submitting a request to proceed in the entitled matter. The letters from the Supreme Court have the case numbers of all filings . . . . I do not have a case number in the U.S. District Court thus my request for permission to proceed to obtain a case #. Do you require I send the 2254 Writ of Habeas Corpus[?] I was told to send that after permission was granted. Please clarify what is required.

(ECF No. 1 at 1.) Petitioner's letter was accompanied by a declaration in support of petitioner's application to proceed in forma pauperis, and copies of letters to him from the California Supreme Court. (ECF No. 1 at 2-6.)

However, there was no timely petition pending on June 22, 2015, the date that this action was opened. Petitioner only filed a request for clarification, which cannot be considered a petition. Specifically, a petition for a writ of habeas corpus must: "1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rules Governing Section 2254 Cases, Rule 2. Petitioner's request for clarification did not meet the above requirements. Petitioner could have remedied his situation by filing a "protective" petition, along with his request for clarification, but he did not do so. See <u>Pace</u>, 544 U.S. at 416 (prisoners may avoid the risk of having the federal statute of limitations expire while they are exhausting their state remedies by filing a "protective" petition in federal court and

7

asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted.).  As such, no petition was pending at the time the present action was opened on June 22, 2015.  Therefore, at that time it was not a "pending" case for habeas corpus relief and it did not toll the limitations period because his initial filing did not constitute a challenge to his conviction.  Cf. Woodford v. Garceau, 538 U.S. 202, 210 (2003) (request for counsel in capital case is not equivalent to an actual habeas petition for purpose of determining whether AEDPA applies -- "a case does not become 'pending' until an actual application for habeas corpus relief is filed in federal court."); see also Braggs v. Walker, 2011 WL 2709847, *2 (N.D. Cal. 2011) (although the filing of a letter and request for an extension of time commenced the federal action, the filing did not constitute a "pending" habeas petition, and thus the limitations period was not tolled); Miles v. Grounds, 2013 WL 2337912, **4-5 (E.D. Cal. May 28, 2013) (petitioner's correspondence with court and motions for extensions of time "cannot be considered petitions for writ of habeas corpus" for purposes of tolling limitations period); Alexander v. Uribe, 2012 WL 2872809, **2 (E.D. Cal. July 12, 2012) (petitioner's motion for extension of time commenced action, but it did not challenge the merits of his conviction, thus district court considered whether action is timely based on date petitioner filed his petition rather than the motion); Scott v. Swarthout, 2012 WL 2839804, *22 (E.D. Cal. July 10, 2012) ("motion to toll time" did not toll limitations period).

Petitioner's reliance on the June 30, 2015 order is also unavailing.  In addition to reviewing petitioner's initial filing, the court addressed his request for extension of time to file a petition for writ of habeas corpus by denying his request for extension of time and warning him about the statute of limitations.  (ECF No. 5 at 2.)  The court evaluated the initial filing and determined that it did not constitute a habeas petition as required by Rule 2(c) of the Rules Governing § 2254 Cases.  (Id.)  Thus, the June 30, 2015 order cannot be construed as extending the statute of limitations period.

As explained above, only the filing of a habeas petition tolls the statute of limitations under AEDPA.  Because petitioner's initial filing was not a habeas petition, it does not toll the limitations period or provide an earlier start to the limitations period.

Accordingly, the court considers whether this action is timely based on the date petitioner signed his petition on June 25, 2015, rather than on the date he signed his request for clarification. As set forth above, petitioner had until June 10, 2015, to file a timely petition. Petitioner filed the instant petition on June 25, 2015, fifteen days after expiration of the limitations period. Because the petition was untimely-filed, respondent's motion to dismiss should be granted, and this action be dismissed. This is a harsh result, but one that is required under AEDPA.

VII. Alternative Argument

Respondent also contends that petitioner failed to exhaust all of the claims in the instant petition. Because the instant action is time-barred, the court need not address respondent's alternative argument.

VIII. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 17) be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 1, 2016

/king1331.mtd.hc.sol

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE