1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RICKY EDWARD KING,                          No.  2:15-cv-1331 TLN KJN P

12              Petitioner,

13        v.

14   R. RACKLEY,

15              Respondent.

16   RICKY EDWARD KING,                          No.  2:16-cv-1283 TLN KJN P

17              Petitioner,

18        v.                                      ORDER

19   R. RACKLEY,

20              Respondent.

21

22        Petitioner is a former state prisoner, proceeding without counsel.  In Case No. 2:15-cv-

23   1331 TLN KJN, petitioner challenges his conviction for first degree burglary; he was sentenced

24   on January 12, 2013, to a determinate state prison term of five years.  On April 1, 2016, the

25   undersigned recommended that respondent's motion to dismiss be granted as barred by the statute

26   of limitations.  Petitioner filed objections.  Id.

27   ////

28

                                            1

1    On June 10, 2016, petitioner filed a second petition for writ of habeas corpus in which he

2    alleges that his 2013 sentence was enhanced under California Penal Code § 667.5b because

3    petitioner had a prior felony conviction in which he served time in prison.  He contends that in

4    2014, under California Penal Code § 1170.18, his prison prior was reduced to a misdemeanor;

5    thus, petitioner contends he is being unlawfully held.  Case No. 2:16-cv-1283 TLN KJN.

6    It is established that if a new habeas petition is filed when a previous habeas petition is

7    still pending before the district court without a decision having been rendered, then the new

8    petition should be construed as a motion to amend the pending petition.  Woods v. Carey, 525

9    F.3d 886, 888 (9th Cir. 2008).

10   Here, petitioner's first habeas petition is pending, and he has not previously amended the

11   petition in 2:15-cv-1331 TLN KJN.  However, Local Rule 220 provides that "every pleading to

12   which an amendment or supplement is permitted as a matter of right or has been allowed by court

13   order shall be retyped and filed so that it is complete in itself without reference to the prior or

14   superseded pleading."  E.D. Cal. L.R. 220 (Changed Pleadings).  No pleading shall be deemed

15   amended or supplemented until this Rule has been complied with, and all changed pleadings shall

16   contain copies of all exhibits referred to in the changed pleading.  Id.  Therefore, petitioner is

17   directed to file an amended petition for writ of habeas corpus in the instant action, taking care to

18   include the claims raised in his original habeas petition, as well as his new claims raised in the

19   habeas petition filed in 2:16-cv-1283 TLN KJN, conforming his second § 2254 petition to the

20   requirements of Local Rule 220.

21   Accordingly, IT IS HEREBY ORDERED that the petition filed in Case No. 2:16-cv-1283

22   TLN KJN is construed as a motion to amend the pending habeas petition in the Case No. 2:15-cv-

23   1331 TLN KJN.  So construed, petitioner is granted 14 days to re-file an amended petition that

24   includes all of the § 2254 claims he intends to raise in one habeas action, 2:15-cv-1331 TLN KJN.

25   Respondent shall file a response to the motion to amend within 45 days from the date of this order

26   or from the date petitioner files the amended petition.

27   Dated:  August 19, 2016

/king1331.amd

28

2

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE